IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUN - 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

WILLIAM DANIEL MORRIS R 51802-083
        Caller Box 8004
    Plaintiff  Goldsboro, NC
Verses                    27533    §
                                   §    CASE NUMBER  1:05CV01092
                                   §    JUDGE: Royce C. Lamberth
FEDERAL BUREAU OF PRISONS          §
    Defendant                      §    DECK TYPE: Pro se General Civil
                                   §
    **V E R I F I E D**                 DATE STAMP: 06/02/2005

I

**J U R I S D I C T I O N**

The jurisdiction of this Honorable Court is invoked under 28 U.S.C.§ 1331 since the Complaint challenges the actions of a Federal Agency, and 5 U.S.C.§ 553, 702, and 706, (The Administrative Procedures Act).

II

**B A C K G R O U N D   O F   T H E   E V E N T S**

The Plaintiff is a Federal Inmate who is serving a prison sentence at the Federal Prison Camp located at the Seymour Johnson Air Force Base located in Goldsboro, North Carolina. He has been designated to that Facility since April, 2005.

The Defendant Federal Bureau of Prisons is an Agency of the United States Department of Justice whose central office is located in Washington, District of Columbia. The addresses of the Parties are as follows:

1

PLAINTIFF

Mr. William Daniel Morris
Registration Number 51802-083
F.P.C. Seymour Johnson
Caller Box 8004
Goldsboro, North Carolina 27533-8004

DEFENDANT

United States Department of Justice
Federal Bureau of Prisons
320 First Street, N.W.
Washington, D.C. 20534

The Plaintiff is serving a prison sentence for violating 18 U.S.C.§ 922(g) and § 924(A)(1)...possession of a firearm by a prohibited person, (convicted felon). The Federal Bureau of Prisons, (BOP), has notified the Plaintiff that upon his release from confinement, the BOP will notify the local police officials that he has been convicted of a crime of violence pursuant to the requirements of 18 U.S.C.§ 4042(B) and under the BOP Program Statements 5162.02 and 5110.15.

The Plaintiff has challenged the notification requirements via the Administrative Remedy Process as required by the Prison Litigation Reform Act, (see Exhibit "A")[1]. The BOP has refused to remove the notification requirements from the Plaintiff's record, this action follows.

III

COMPLAINT

1)    This complaint is brought under the Administrative Procedures Act. (5 U.S.C.§ 553, 702, & 706, (APA).

---

[1] The Plaintiff has exhausted the administrative remedy procedures, (Exhibit "A")

2

2) The Defendant without the notification requirements has constructively amended the BOP Program Statements 5162.02 and 5110.15 to include the notification requirements set forth under 18 U.S.C.§ 4042(B) to include convictions for mere possession of a firearm as a "Crime of Violence".

3) The BOP has wrongly applied the requirements of § 4042(b) to include a conviction for mere possession of a firearm by a convicted felon.

4) The BOP has failed to follow clearly established Federal Law which has established that mere possession of a firearm by a convicted felon is not a crime of violence as envisioned by § 4042(B)[2], and therefore the notification requirements do not apply to such conviction.

5) The Plaintiff will suffer irreparable injury if the BOP exercises the notification requirements of § 4042(B) pursuant to its P/S 5110.15 and 5162.04.

## I V

## DEMAND FOR RELIEF

6) The Plaintiff demands that the Court issue a "Preliminary Injunction" against the Defendant BOP ordering that the notification requirements under § 4042(B) as set forth in P/S 5110.15 and 5162.04, be enjoined until and when this matter is finally decided by this Honorable Court.

7) The Plaintiff demands that the Court issue a "Permanent

---

[2] see e.g. ROYCE V HAHN 151 F. 3rd 116, 118, 3rd CA (1998); UNITED STATES V DOE 960 F. 2nd 221, 226, 1st CA (1992).

Injunction" directing the Defendant to cease and desist the notification requirements of § 4042(B) as applied under P/S 5110.15 and 5162.04, to the Plaintiff's felon in possession of a firearm conviction.

8)   The Plaintiff demands a "Permanent Injunction" directing the Defendant to reclassify him as a non-violent offender and that he is exempt from the notification requirements of § 4042(B) as applied under P/S 5110.15 and 5162.04.

Respectfully Submitted 4/22/05

William Daniel Morris
Pro-Se.
Registration Number 51802-083
F.P.C. Seymour Johnson
Caller Box 8004
Goldsboro, North Carolina 27533-8004

V

**VERIFICATION**

I, **WILLIAM DANIEL MORRIS HEREBY SWEAR:** under penalty of perjury pursuant to 28 U.S.C.§ 1746(2), that the statements made in the foregoing "Complaint" are true to the best of my knowledge and belief.

William Daniel Morris    Date 4/22/05
Pro-Se.

4