

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

FILE COPY

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10 including any attachments must be submitted with this appeal.

From: __MORRIS       WILLIAM    DANIEL__   __51802-083__   __CAMP__   __F.P.C. POLLOCK__
          LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.        UNIT         INSTITUTION

Part A—REASON FOR APPEAL   I am not satisfied with the response from the Regional Director and wish to appeal to the General Counsel on the enclosed BP-230 number 354578-R1 dated December 9, 2004. My challenge is based on rulings from the U.S. Cours of Appeals for the First and Third Circuits as examples, (see BP-229 & BP-230). Neither the response from the Warden nor the Regional Director has answered my question as to why the cited cases are not controlling in my grievance? The arguments set forth in the two responses are precisely those on which the BOP relied in the appellate pleadings which the Courts of Appeals rejected. I respectfully request the General Counsel to review the citings and their jurisprudence when addressing my concerns in this appeal.

Thank You.

DECEMBER 28, 2004                          
_____                            _____
      DATE                                    SIGNATURE OF REQUESTER

Part B—RESPONSE

**FILED**

JUN - 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



PLAINTIFF'S
EXHIBIT
"A"  05 1092

_____                           _____
      DATE                                       GENERAL COUNSEL
ORIGINAL: RETURN TO INMATE                CASE NUMBER: __354578-A1__

Part C—RECEIPT
                                           CASE NUMBER: _____

Return to: _____
             LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____                           _____
      DATE                                SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                                                              BP-231(13)
                                                                     APRIL 1982

Administrative Remedy No. 354578-A1
Part B - Response

This is in response to your Central Office Administrative Remedy Appeal in which you claim the notification requirements of 18 U.S.C. § 4042(b) do not apply to your conviction of 18 U.S.C. 922(g)(1), Felon in Possession of a Firearm. You request the removal of the notification requirements in your case.

Program Statement 5110.15, <u>Notification of Release to State and Local Law Enforcement Officials</u>, was issued to comply with 18 U.S.C. § 4042(b) which requires that the Bureau of Prisons notify state and local law enforcement officials at least five calendar days prior to releasing to Supervised Release, probation, or parole, prisoners who have been convicted of a "drug trafficking crime" or a "crime of violence." P.S. 5110.15 states that a "crime of violence," is defined as an offense that is a felony and has an element the use, attempted use, or threatened use of physical force against the person or property of another; or that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. Furthermore, P.S. 5110.15 refers staff to P.S. 5162.04, <u>Categorization of Offenses</u>, in making their determinations as to whether an offense satisfies the definition contained in P.S. 5110.15.

You were convicted of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), Felon in Possession of a Firearm. According to your Presentence Investigation Report, during the execution of a search warrant, detectives located a .45 caliber Taurus semi-automatic pistol with eight rounds in the magazine in a black computer case near your bed. You admitted the weapon belonged to you. As an exercise of the discretion vested in the Director, your convictions of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) are determined to satisfy the definition in P.S. 5110.15 and, therefore, require notification to law enforcement officials upon your release.

Based on the foregoing, your appeal is denied.

March 18, 2005
Date

Harrell Watts, Administrator
National Inmate Appeals

U.S. Department of Justice

Federal Bureau of Prisons

Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __MORRIS   WILLIAM   DANIEL__   __51802-083__   __CAMP__   __F.P.C. POLLOCK__
         LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.           UNIT              INSTITUTION

Part A—REASON FOR APPEAL    I am not satisfied with the response from the Warden on the enclosed BP-229 Number 354578-F1 and wish to appeal to the Regional Director. The response fails to address the case law which was provided in the BP-8½ and the BP-228 at all. I charged that the mentioned cases have negated the B.O.P.'s Program Statement 5110.04 as applied to an inmate whose conviction was for simple possession of a firearm by a convicted felon. The response ignores the issue presented and responds to a question not presented by me. My complaint is, in light of the cited case law, upon what basis does the Warden contend that I continue to be subject to the notification requirements of 18 U.S.C.§ 4042(B)? The cases clearly and unambiguously negate the B.O.P.'s application of § 4042(B) where the conviction is a § 922(g)(1) offense. I request that the decision of the Warden be overruled and a finding that the notification requirements do not apply in my case.

                                                                Thank You.

__OCTOBER 21, 2004__                         _William Daniel Morris_
        DATE                                    SIGNATURE OF REQUESTER

Part B—RESPONSE









_____                            _____
        DATE                                    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                     CASE NUMBER: __354578-R1__

Part C—RECEIPT        OCT 2 5 2004             CASE NUMBER: _____

Return to: _____
             LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.         UNIT         INSTITUTION

SUBJECT: _____

_____          _____           BP-230(13)
USP LVN   DATE    Previous editions not usable   SIGNATURE, RECIPIENT OF REGIONAL APPEAL    APRIL 1982

MORRIS, William          Reg. No. 51802-083          FILED: 10-25-04

354578-R1                PART B-RESPONSE

You are appealing the Warden's response to your contention that the notification requirements of 18 U.S.C. 4042(b) do not apply to your conviction pursuant to 18 U.S.C.(g)(1), Felon in Possession of a Firearm.

We have thoroughly reviewed your appeal. In accordance with Program Statement 5110.15, <u>Notification of Release to State & Local Law Enforcement Officials</u>, a crime of violence is defined as a felony offense that has as an element, the use, attempted use, or threatened use of physical force against the person or property of another, or that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. For guidance on determining if an inmate's offense should be classified as a crime of violence, Program Statement 5110.15 refers staff to Program Statement 5162.04, <u>Categorization of Offenses</u>. Program Statement 5162.04 identifies your offense of conviction, Title 18 U.S.C. 922(g), Firearms Violations, as an offense which is considered to be a crime of violence in all cases. Accordingly, your offense is accurately classified as a crime of violence and you are subject to release notification under the provisions of Title 18 U.S.C. 4042(b).

Based on the above information, your appeal is denied.

In the event you are dissatisfied with this response, you may appeal to the Bureau of Prisons, Administrative Remedy Section, 320 First Street, N.W., Washington, D.C. 20534. Your appeal must be received in that office within 30 days from the date of this response.

_____12/9/04_____                    _____ ACTING DRD
Date                                      Ronald G. Thompson
                                          Regional Director

**SENSITIVE - LIMITED OFFICIAL USE**

# U.S. DEPARTMENT OF JUSTICE
## Federal Bureau of Prisons

# REQUEST FOR ADMINISTRATIVE REMEDY

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | MORRIS WILLIAM DANIEL | 51802-083 | CAMP | F.P.C. POLLOCK |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST**  I am not satisfied with the response from the Unit Team on the enclosed BP-8½ dated September 30, 2004 and wish to pursue the Administrative Remedy Process to obtain relief. My complaint charges that the notification requirements of 18 U.S.C.§ 4042(B) do not apply to an inmate whose conviction is a felon in possession of a firearm as set forth in 18 U.S.C.§ 922(g). In support of my contentions, I cited a decision from the U.S. Courts of Appeals from the First and Third Circuits which have negated Program statement 5162.02's requirements that a § 922(g) falls under the notification requirements. The response from the Unit Team specifically fails to address neither my complaint nor the supporting authority, therefore I submit that my concerns have not been addressed per se. Moreover, I submit that the Unit Team's notification determination be overruled(see BP-8½ encl.). The decisions cited are ROYCE V HAHN 151 F. 3rd. 116, 118, 3rd. CA (1998); and UNITED STATES V DOE 960 F. 2nd. 221, 226, 1st. CA (1992).

Thank You.

OCTOBER 9, 2004
DATE                                    SIGNATURE OF REQUESTER

**Part B- RESPONSE**




_____                    _____
DATE                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

SECOND COPY: RETURN TO INMATE                CASE NUMBER: 354518-A

                                              CASE NUMBER:

**Part C- RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

_____                    _____
DATE                                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                                     BP-229(13)
                                                            APRIL 1982

UNITED STATES PENITENTIARY
POLLOCK, LOUISIANA

INMATE NAME:                MORRIS, William
INMATE NO:                  51802-083
ADMINISTRATIVE REMEDY NO:   354578-F1

PART B - RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY

This is in response to your Request for Administrative Remedy filed October 12, 2004, in which you allege that the notification requirements of 18 U.S.C. 4042(B) do not apply to an inmate whose conviction is a felon in possession of a firearm as set for in 18 US.C. 922(g). You request the Unit Team's notification determination be overruled.

An investigation into your complaint revealed that you were convicted of 18:922(G)(1) and 924(A)(2) Felon in Possession of a Firearm. Program Statement 5110.15, Notification of Release to State and Local Law Enforcement Officials, states that staff must refer to Program Statement 5162.04, Categorization of Offenses, to determine whether a federal offense may be considered a "crime of violence". Program Statement 5162.04, references Program Statement 5162. 02, Definition of Term "Crimes of Violence". This program statement lists 922g as a crime of violence and thus you are subject to notification upon release. Therefore, the notification requirements for current violence will not be removed.

Based on the above findings, your Request for Administrative Remedy is denied.

If you are not satisfied with this decision, you may appeal to the Regional Director at: Bureau of Prisons, South Central Regional Office, 4211 Cedar Springs Road, Suite 300, Dallas, Texas 75219. Your appeal must be received in the South Central Regional Office within 20 days of the date of this response.

10-20-04                                    Robert M. Tapia, Warden
Date

POL 1330.13b
January 23, 2004
Attachment A

# DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.13, <u>Administrative Remedy Program,</u> (December 22, 1995), requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal written complaint. This form shall be used to document your efforts towards informally resolving your grievance.

September 30, 2004

**Inmate Name:** WILLIAM DANIEL MORRIS   **Reg. No.:** 51802-083   **Unit:** Unit

**Specific Complaint and Requested Relief:** I have been informed that upon my release from prison I will be subject to the notification requirements set forth under 18 U.S.C.§ 4042(B). I challenged that finding by cop-out to no avail. The Case Manager Mr. Dupont has determined that my conviction qualifies for that requirement. I submit that B.O.P. Program Statement 5162.02 has been negated.

**Efforts Made By Inmate To Informally Resolve Grievance (be specific):** The Court of Appeals for the 1st. and 3rd. Circuits have determined that P/S 5162.02 cannot require notification under § 4042(B) where the offense of conviction is simply possession of a firearm by a convicted felon under § 922(g). see e.g. ROYCE V UNITED STATES 151 F. 3rd. 116, 118, 124, 3rd. CA (1998); UNITED STATES V DOE

**Counselor's Comments:** _____ (continued)

_____

_____

_____

_____

_____

Inmate Signature / Date        Correctional Counselor /Date        Unit Manager / Date

**NOTE:** Attach any pertinent documentation related to the inmate's complaint.    05 1092

| | BP-8 Issued to Inmate | BP-8 Received by Counselor |
|---|---|---|
| Date: | 09-30-04 | FILED |
| Counselor: | BCyp | JUN - 2 2005 |

(William Daniel Morris # 51802-083 BP-8½ 9/30/04 page 2)

960 F. 2nd. 221, 226, 1st. CA (1992). The former decision deals with the P/S 5162.02 and the latter deals with the definition of a "Crime Of Violence" under 18 U.S.C. 922(g). Therefore, the Federal Courts of Appeals have made clearly established federal law which negates P/S 5162.02 as requiring the notification of § 4042(B) and established that a violation of § 922(g) is not a crime of violence. The notification requirements of § 4042(B) do not apply to that violation. It's axiomatic that the B.O.P. Program Statement should be complied with under normal circumstances. However, where clearly established federal law is to the contrary, the P/S must yield. I've had numerous Unit Teams since my arrival at the B.O.P. none of which set forth that I was subject to the notification requirements. Moreover, the very Case Manager Mr. Dupont signed the prior Unit Team Report, (see enclosures). Finally, I respectfully request that the notification requirement decision be reversed and that I will not be subject to that notification.

                 Thank You

UNITED STATES PENITENTIARY
POLLOCK, LOUISIANA
PART B - RESPONSE TO REQUEST FOR INFORMAL RESOLUTION ATTEMPT

Morris, W. #51802-083
Camp

SUBJECT: Notification requirements

On October 5, 2004, you filed an attempt for informal resolution stating that at you have been informed that upon your release from prison you will be subject to the notification requirements set forth under 18 U.S.C. 4042 (B). You state you have challenged that finding to no avail.

An investigation into this matter reveals that you were convicted of 18:922 (G) (1) and 924 (A) (2) Felon in Possession of a firearm. According to Program Statement 5162.02, Definition of Term "Crimes of Violence," specifically, change notice dated April 23, 1996, "Additionally, new criminal offenses have been added to the section for 18 U.S.C. 922, "Unlawful acts"- Firearms and 26 U.S.C. 5861 (a)-(1), "Prohibited Acts"-Firearms." Also page 3, section 7, Criminal offenses that are crimes of violence in all cases" states, "Any conviction for an offense listed below should be categorized as a "crime of violence."...
    922 (a) (4), (a) (7), (a) (8), (b) (4), (b) (5),
       (d) (1), (d) (2), (d) (4), (d) (8), (g), (o), (p)(firearms' violation)
    924 (c)(firearms used in violent or drug trafficking crimes) . . .

Your 922(g) conviction meets the criteria for notification for current violence and therefore, your request to have notification requirements removed is denied.

I trust this responds to your concerns.

If you are not satisfied with this decision, you may appeal to the Warden on an Administrative Remedy Form BP-229

_____       10/07/2004
R. A. Smith, Correctional Counselor     Date

_____       10/07/04
R. Kosco, Camp Administrator           Date

BP-S148.055  **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                              FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) MR. DUPONT-CASE MANAGER | DATE: SEPTEMBER 27, 2004 |
|---|---|
| FROM: WILLIAM DANIEL MORRIS | REGISTER NO.: 51802-083 |
| WORK ASSIGNMENT: GARAGE-TOOL ROOM | UNIT: CAMP |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

 At my last Unit Team I was informed that upon my release from prison, I am subject to the notification requirements of 18 U.S.C.§ 4042(b). The Program statement to which the Team referred was 5162.02. That finding is inconsistent with the statutory requirement, (18 U.S.C.§ 4042(b)). Under the statutory scheme, mere possession of a firearm is not deemed a crime of violence. The mere possession of a firearm without the commission of an underlying offense, as in my case, is not a crime of violence. Neither subsection 924(c)(3)(A)or(B) defines the mere possession of a firearm by a a conviction felon as a violent crime. The Courts have found that P/S 5162.02 may not consider a violation of § 922(g)(1) as requiring notification under §4042(b), see e.g. ROYCE V HAHN 151 F. 3rd. 116, 118, 124, 3rd. CA (1998); UNITED STATES V DOE 960 F. 2nd. 221, 225, 1st. CA (1992). Please remove the notification.  (Do not write below this line)

DISPOSITION:  See attached



Signature Staff Member     Date  9-27-04

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94


Printed on Recycled Paper

# INMATE REQUEST TO STAFF

MORRIS, William
Reg. No. 51802-083

RESPONSE
BP-148

This is in response to your Inmate Request To Staff dated September 27, 2004, in which you are requesting to have the notification of current violence removed.

Investigation revealed that you were convicted of 18:922(G)(1) AND 924(A)(2) FELON IN POSSESSION OF A FIREARM. According to Program Statement 5162. 02, Definition of Term "Crimes of Violence", specifically, Change Notice dated April 23, 1996, "Additionally, new criminal offenses have been added to the section for 18 U.S.C. § 922, "Unlawful acts" - Firearms and 26 U.S.C. § 5861(a)-(1), "Prohibited Acts" - Firearms.". Also page 3, section 7, CRIMINAL OFFENSES THAT ARE CRIMES OF VIOLENCE IN ALL CASES" states, "Any conviction for an offense listed below should be categorized as a "crime of violence."...

- 922(a)(4), (a)(7), (a)(8), (b)(4), (b)(5), (d)(1), (d)(2), (d)(4), (d)(8), (g),(o),(p) (firearms violations)
- 924(c) (firearms used in violent or drug trafficking crimes)...

Your 922(g) conviction meets the criteria for notification for current violence.

Based on the above information your notification for current violence will not be removed.

I trust this information has satisfactorily addressed your concerns.

_____          __September 27, 2004__
Bruce Dupont, Case Manager                              Date

(Mr. Wow?)